IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| Traditionalist American Knights of the Ku Klux Klan, an unincorporated association, and<br><br>Frank Ancona,<br><br>     Plaintiffs,<br><br>v.<br><br>City of Desloge, Missouri,<br><br>     Defendant. | No. 4:13-cv-810 |

**VERIFIED COMPLAINT FOR DECLARATORY JUDGMENT, INJUNCTIVE RELIEF, AND NOMINAL DAMAGES PURSUANT TO 42 U.S.C. § 1983**

Plaintiffs, for their Complaint against Defendant, state as follows:

**INTRODUCTION**

  1.  Plaintiffs, an association and one of its members, aim to spread their message widely.  One effective and efficient way Plaintiffs have found to spread their message is by distributing handbills on sidewalks and streets, including on the windshields of unoccupied vehicles.  They have done so throughout the country, including in Missouri and in the City of Desloge.

  2.  Frank Ancona and other members of the Traditionalist American Knights of the Ku Klux Klan had planned to distribute handbills in the City of Desloge, Missouri, on October 27, 2012.  In preparation for the distribution of handbills in the City of Desloge, Ancona spoke to police officials and the City Administrator to discuss his plans.  After Ancona and later his attorneys were advised that TAK members could not stand or

distribute literature on any street within the City of Desloge without violating a city ordinance, Plaintiffs brought suit in this court pursuant to 42 U.S.C. § 1983. *See* Traditionalist Am. Knights of Klu Klux Klan v. City of Desloge, Mo., 4:12CV02085 AGF (E.D. Mo.).

3. On March 19, 2013, judgment was entered on behalf of Plaintiffs on their claim that the City of Desloge's restrictions on the distribution of leaflets on streets violated the Free Speech Clause of the First Amendment.

4. On April 26, 2013, Ancona and other TAK members returned to the City of Desloge to distribute leaflets. Within minutes of their arrival, they were approached by police officer who told them that literature distribution was limited to sidewalks and they could not enter any street. At the police department, Ancona was provided a copy of a new ordinance. The new ordinance prohibits any person from distributing anything to the occupant of any vehicle. It also prohibits standing or entering a roadway to solicit. As a result, Ancona and the other TAK members stopped distributing leaflets.

5. Section 220.205 of the City of Desloge Code of Ordinances impermissibly infringes upon Plaintiffs' rights as set forth in the Free Speech Clause of the First Amendment to the Constitution of the United States and incorporated to the states and their municipalities by the Fourteenth Amendment. In alternative, § 220.205 is impermissibly vague.

**JURISDICTION AND VENUE**

6. This Court has jurisdiction pursuant to 42 U.S.C. § 1983 over Plaintiffs' claims of a deprivation of a right, privilege, or immunity secured by the Constitution under color of state law.

7. In addition, this Court has original jurisdiction pursuant to 28 U.S.C. § 1331 over Plaintiffs' civil action arising under the Constitution of the United States.

8. In addition, this Court has jurisdiction pursuant to 28 U.S.C. § 1343(a)(3) to redress the deprivation, under color of state law, of any right, privilege, or immunity secured by the Constitution of the United States.

9. Venue lies in the United States District Court for the Eastern District of Missouri because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in the County of Saint Francois, Missouri.  28 U.S.C. § 1391(b)(2).

10. Divisional venue is in the Eastern Division because the events leading to the claim for relief arose in the County of Saint Francois and the single Defendant is located in the County of Saint Francois.  E.D.Mo. L.R. 2.07(A)(1), (B)(1).

## PARTIES

11. Plaintiff Traditionalist American Knights of the Ku Klux Klan ("TAK"), is an unincorporated association of individuals.  TAK describes itself as "a White Patriotic Christian organization that bases its roots back to the Ku Klux Klan of the early 20th century."  According to TAK, it is "a non-violent organization that believes in the preservation of the White race and the United States Constitution as it was originally written and will stand to protect those rights against all foreign invaders."  TAK brings this action on behalf of its members, including Ancona, who participate in the distribution of leaflets.

12. Plaintiff Ancona is a resident of the State of Missouri.  He is the Imperial Wizard of TAK.

13. Defendant, the City of Desloge, Missouri, is a municipal corporation.

## HISTORY OF SPEECH RESTRICTIONS

14. Section 615.070 of the City of Desloge Code of Ordinances was enacted by the City of Desloge by passage of Ordinance No. 99.020 on or about June 14, 1999.

15. Section 615.070 was entitled "Prohibition Against Solicitation in Streets."

16. Section 615.070 read:

> No peddler nor any other person, association, corporation
>
> or other entity shall be authorized to conduct any
>
> solicitation activities, or to occupy, use or operate in or
>
> upon any public highway, thoroughfare or street within the
>
> City of Desloge.

17. Enforcement of § 615.070 was preliminarily enjoined on December 27, 2012. Traditionalist Am. Knights of Klu Klux Klan v. City of Desloge, Mo., --- F.Supp.2d ---, 4:12CV02085 AGF, 2012 WL 6726392 (E.D. Mo. Dec. 27, 2012).

18. On March 19, 2013, the court entered a consent judgment in favor of the plaintiffs—who are the plaintiffs here—and against the defendant—which is the defendant here—on the First Amendment claim and permanently enjoined § 615.070.

19. On April 8, 2013, Defendant enacted Ordinance No. 2013.04.

20. Ordinance No. 2013.04 repealed § 615.070 and, in its place, created § 220.205.

21. Section 220.205 is titled "PEDESTRIANS PROHIBITED FROM SOLICTING [*sic*] IN ROADWAYS."

22. Section 220.205 provides that "[n]o person shall stand in or enter upon a roadway for the purpose of soliciting rides, employment, business or charitable

contributions from, or distribute anything to, the occupant of any vehicle, except from the occupants of motor vehicles parked off the traveled portion of a roadway adjacent to a sidewalk if the solicitor is on a sidewalk."

23. A violation of the ordinance is punishable by a fine of up to $500.00, imprisonment of up to 90 days, or both.  City of Desloge Code of Ordinances § 100.210.A.

24. An officer of the City of Desloge's police department "may arrest on view, and without a warrant, any person the officer sees violating or who such officer has reasonable grounds to believe … has violated any ordinance over which such officer has jurisdiction." MO. REV. STAT. § 544.216.

25. In enacting § 220.205 and in creating and overseeing a police department charged with enforcement of, and that actually enforces, § 220.205, the City of Desloge acts under color of state law.

## FACTUAL ALLEGATIONS

26. Plaintiffs have regularly distributed handbills on public streets and sidewalks as a way of spreading their messages.

27. Plaintiffs' messages include that for our Nation to remain successful, white supremacy and the purity of the white blood must be maintained.  They also believe that advancement of Sharia law, the promotion of immoral public figures, and widespread use of illegal drugs are undermining society.  These issues are matters of public concern.

28. Plaintiffs desire and plan to express and spread their messages in the future by distributing handbills on public streets and sidewalks in the City of Desloge.

5

29. Plaintiffs had plans to distribute literature in the City of Desloge on October 27, 2012, and November 2, 2012; however, they canceled those plans because the City of Desloge threatened to enforce § 615.070 against them.

30. After obtaining a preliminary injunction, Plaintiffs distributed literature in the City of Desloge on January 12, 2013.

31. After securing a judgment on their claim that § 615.070 violated the Free Speech Clause of the First Amendment, Ancona and other TAK members returned to the City of Desloge on April 26, 2013, to again distribute literature.

32. Within minutes of their arrival, they were approached by a police officer who told them that literature distribution was limited to sidewalks and they could not enter any street.

33. Ancona was asked to accompany the officer to the police department and voluntarily did so.

34. Once there Ancona was provided a copy of Ordinance No. 2013.04, which is attached hereto as an exhibit.

35. Ancona understood the ordinance to prohibit him from entering any street to distribute literature and to prohibit him from distributing literature to the occupant of any car.

36. Defendant's police officer confirmed that Ancona's understanding was correct.

37. As a result of the foregoing, Ancona and the other TAK members terminated their distribution of literature and left town because they feared arrest and prosecution for violation of § 220.205.

6

38. Before learning of § 220.205, Ancona and other TAK members handed leaflets to occupants of non-moving vehicles, in violation of § 220.205.

39. Ancona and other TAK members reasonably fear they will now be cited and prosecuted for violating § 220.205 because, on April 26, 2013, they distributed handbills to occupants of vehicles.

40. In Plaintiffs' experience, the distribution of literature on public streets, including handing a leaflet to occupants of non-moving vehicles, is an efficient and cost-effective method of reaching a large number of persons living in, or found in, an area in a short period of time for which no comparative alternative exists.

41. In Plaintiffs' experience, their distribution of handbills on public streets and sidewalks does not result in litter, nor created a safety hazard.

42. As a result of the reasonable fear of being arrested, fined, and imprisoned for distributing handbills, Plaintiffs have refrained from distributing literature in the City of Desloge since April 26, 2013, and will refrain from doing so in the future.

43. Section 220.205 suppresses considerably more speech than is necessary to serve any significant government interest.

44. Section 220.205 fails to leave open ample alternatives avenues for Plaintiffs to convey their message.

45. Section 220.205 fails to give fair notice that enables ordinary people to understand what conduct it prohibits.

46. Plaintiffs are harmed by the violation of their constitutional rights caused by § 220.205's chilling effect on their protected expressive conduct.

## COUNT I

*City of Desloge Code of Ordinances § 220.205 is
Unconstitutional under the Free Speech Clause of the First Amendment*

47. Plaintiffs repeat, re-allege, and incorporate by reference the allegations in the foregoing paragraphs of this Complaint as fully set forth herein.

48. Section 220.205 is facially overbroad because it criminalizes a substantial amount of protected expressive activity.

49. Section 220.205 is not narrowly tailored to achieve any significant government interest.

50. In addition or in the alternative, § 220.205 fails to leave open ample alternatives for Plaintiffs' expressive conduct.

## COUNT II

*City of Desloge Code of Ordinances § 220.205 is Unconstitutional
Under the Due Process Clause of the Fourteenth Amendment*

51. Plaintiffs repeat, re-allege, and incorporate by reference the allegations in the foregoing paragraphs of this Complaint as fully set forth herein.

52. Section 220.205 is unduly vague such that reasonable persons and law enforcement officers are not on notice as to precisely what conduct is prohibited and at which locations.

WHEREFORE Plaintiffs pray this Court:

    A. Enter declaratory judgment pursuant to 42 U.S.C. § 1983 finding City of Desloge Code of Ordinances § 220.205 unconstitutional;

    B. Issue preliminary and permanent injunctions and, if necessary, a temporary restraining order enjoining enforcement of § 220.205;

C. Award Plaintiffs nominal damages;

D. Award Plaintiffs' costs, including reasonable attorneys' fees, pursuant to 42 U.S.C. §1988; and

E. Allow such other and further relief to which Plaintiffs may be entitled.

Respectfully submitted,


/s/  Anthony E. Rothert
ANTHONY E. ROTHERT, #44827MO
GRANT R. DOTY, #60788MO
AMERICAN CIVIL LIBERTIES
        UNIONOF EASTERN MISSOURI
454 Whittier Street
St. Louis, Missouri 63108
Phone:  314/652-3114
Fax: 314/652- 3112

Attorneys for Plaintiffs

**Verification**

I have studied the allegations of the Verified Complaint and, pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct based upon my personal knowledge.

<u>April 28, 2013</u>                                              <u>/s/ Frank Ancona      </u>
Date                                                                       Frank Ancona