UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| TRADITIONALIST AMERICAN KNIGHTS ) | |
| OF THE KU KLUX KLAN, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 4:13-CV-810 NAB |
| ) | |
| CITY OF DESLOGE, MISSOURI, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c)(1). Plaintiffs Traditionalist American Knights of the Ku Klux Klan and Imperial Wizard Frank Ancona (collectively "KKK") allege that an ordinance prohibiting solicitation and distribution in the roadways of Defendant City of Desloge, Missouri ("City") violates the KKK's free speech rights. Following preliminary injunction proceedings, including an interlocutory appeal, and the disposition of early summary judgment motions, this matter is now before the Court on the KKK's Motion to Voluntarily Dismiss filed June 23, 2016. [Doc. 110.] The City opposes a dismissal without prejudice. The motion has been fully briefed and the Court heard oral argument on September 15, 2016. Having considered the briefs of the parties and argument from counsel, the Court will grant the motion and dismiss this action without prejudice but with conditions.

**I.   Procedural Background**

The KKK filed this action on April 29, 2013 challenging an ordinance prohibiting solicitation and distribution in the City's roadways and, the next day, filed a motion for

preliminary injunction. Shortly thereafter, the City enacted a revised version of the ordinance, which is currently in effect, and repealed the old ordinance. The KKK's Amended Complaint, filed on August 21, 2013, challenges both versions of the ordinance. [Doc. 24.] On September 11, 2013, the Court held a half-day hearing on the motion for preliminary injunction. On October 1, 2013, the Court entered a Memorandum and Order granting the motion. [Doc. 41.] The City appealed. On December 29, 2014, the Eighth Circuit Court of Appeals issued an opinion reversing and remanding. *Traditionalist Am. Knights of the Ku Klux Klan v. City of Desloge, Mo.*, 775 F.3d 969 (8th Cir. 2014). The KKK's petition for rehearing was denied on March 30, 2015. [Doc. 55.]

On remand, this Court held status conferences on April 23, July 1, and September 14, 2015 to discuss scheduling. The Court ultimately granted the parties leave to file early cross motions for summary judgment on purely legal grounds before setting a schedule for discovery and trial. The KKK moved for partial summary judgment on the theory that an intervening Supreme Court case, *Reed v. Town of Gilbert, Arizona*, 135 S. Ct. 2218, 192 L. Ed. 2d 236 (2015), rendered the current ordinance content based and therefore subject to strict scrutiny. The City moved for summary judgment on the theory that the Eighth Circuit opinion was dispositive and that the KKK's challenges to the repealed ordinance were moot. On February 23, 2016, the Court entered a Memorandum and Order finding as moot the KKK's challenges to the repealed ordinance and otherwise denying the parties' motions for summary judgment. [Doc. 100.] The Court found that *Reed* did not render the ordinance content based and that the Eighth Circuit's opinion was based on the preliminary injunction record and was not a decision on the merits.

The sole remaining claim in this action is Count III of the KKK's Amended Complaint, which alleges that the current ordinance violates the KKK's free speech rights. Following a

scheduling conference on March 8, 2016, the Court entered a Case Management Order setting a discovery deadline of November 14, 2016, a dispositive motion deadline of December 15, 2016, and a trial date of June 19, 2017. [Doc. 104.] On June 23, 2016, the KKK filed its motion to dismiss the case without prejudice. [Doc. 110.] The Court stayed the deadlines set forth in the Case Management Order pending disposition of the KKK's motion. [Doc. 113.]

**II.    Standard**

After the opposing party serves either an answer or a motion for summary judgment, absent a stipulation of dismissal, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). A district court's decision to grant a plaintiff's motion for dismissal without prejudice pursuant to Rule 41(a)(2) is reviewed for abuse of discretion. *Mullen v. Heinkel Filtering Sys., Inc.*, 770 F.3d 724, 727 (8th Cir. 2014). "The very concept of discretion presupposes a zone of choice within which the trial courts may go either way." *Kern v. TXO Prod. Corp.*, 738 F.2d 968, 971 (8th Cir. 1984).

"The purpose of Rule 41(a)(2) is primarily to prevent voluntary dismissals which unfairly affect the other side." *Paulucci v. City of Duluth*, 826 F.2d 780, 782 (8th Cir. 1987). "Courts generally will grant dismissals where the only prejudice the defendant will suffer is that resulting from a subsequent lawsuit." *Id*. However, "a party is not permitted to dismiss merely to escape an adverse decision nor to seek a more favorable forum." *Mullen*, 770 F.3d at 728 (internal quotations omitted).

"When deciding whether to exercise its discretion to allow a voluntary dismissal, the district court should consider whether the party has presented a proper explanation for its desire to dismiss; whether a dismissal would result in a waste of judicial time and effort; and whether a dismissal will prejudice the defendants." *Id.* (internal quotations omitted); *see also Paulucci*, 826

3

F.2d at 783 (courts consider "(1) the defendant's effort and the expense involved in preparing for trial, (2) excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, (3) insufficient explanation of the need to take a dismissal, and (4) the fact that a motion for summary judgment has been filed by the defendant."). "The time and effort invested by the parties, and the stage to which the case had progressed, are among the most important factors to be considered in deciding whether to allow a dismissal without prejudice, and, if so, on what conditions." *Kern*, 738 F.2d at 972. The absence of a justification for the proposed dismissal may warrant denying a plaintiff's motion for dismissal without prejudice pursuant to Rule 41(a)(2). *Paulucci*, 826 F.2d at 783; *Hamm v. Rhone-Poulenc Rorer Pharm., Inc.*, 187 F.3d 941, 951 (8th Cir. 1999).

"Legal prejudice means 'something other than the necessity that defendant might face of defending another action.'" *Mullen*, 770 F.3d at 728 (quoting *Kern,* 738 F.2d at 970). It generally refers to the rights and defenses available to the defendant in future litigation. *Westlands Water Dist. v. United States*, 100 F.3d 94, 97 (9th Cir. 1996). "The expense and effort of drafting and responding to discovery prior to dismissal does not constitute legal prejudice," nor does the loss of a "tactical advantage." *Mullen*, 770 F.3d at 728. Rather, "[t]he Eighth Circuit has found legal prejudice … when dismissal would cause the loss of a material advantage the resisting party would enjoy only if the pending action were to continue," such as the loss of a proven, valid statute of limitations defense. *United States v. Thirty-Two Thousand Eight Hundred Twenty Dollars & Fifty Six Cents ($32,820.56) in U.S. Currency*, 106 F. Supp. 3d 990, 997 (N.D. Iowa 2015) (citing *Metropolitan Fed. Bank of Iowa, F.S.B. v. W.R. Grace & Co.*, 999 F.2d 1257, 1262–63 (8th Cir. 1993)). Where a defendant has not made "the requisite showing of prejudice," the district court has "broad discretion to grant or deny [the] motion and [is] free to

4

consider the full range of factors relevant to the exercise of that discretion." *Metropolitan Fed. Bank of Iowa, F.S.B.*, 999 F.2d at 1263.

## III. Discussion

As an initial matter, the Court found that the KKK had standing to challenge the distribution provisions of the City's ordinance, but not the solicitation provisions, which were properly severable. [Doc. 41 p. 8.] Therefore, dismissal of the KKK's challenge to the solicitation provisions is necessarily without prejudice. *County of Mille Lacs v. Benjamin,* 361 F.3d 460, 464–65 (8th Cir. 2004).

The KKK offers the following explanation for its desire to dismiss: "in light of how Defendant's laws have been enforced and the amendments made to the ordinances subsequent to this lawsuit being filed, the value of prevailing on the merits of their First Amendment challenge to the current ordinance has diminished in relation to the expense of pursuing this case further." [Doc. 110 p. 2.] The City opposes a dismissal without prejudice and contends that the KKK is seeking to escape an adverse decision on the merits following the Eighth Circuit's preliminary injunction opinion and trying to get another bite at the apple in a more favorable forum in the future. The City argues that it would be a waste of the judicial resources expended over the more than three years that this case has been pending to dismiss it without prejudice. Finally, the City argues that it would be prejudiced by a dismissal without prejudice because it has spent significant resources defending the ordinance, including over $250,000 in attorneys' fees and costs, and would be denied the preclusive effect of the Eighth Circuit's opinion.

While the parties dispute whether the City's enforcement has changed, there is no dispute that the City recently amended its municipal code to prohibit additional activities in the roadways. On April 11, 2016, the City enacted § 310.040 prohibiting the use of coasters, roller

5

skates, and similar devices in the roadways, and § 345.080 prohibiting pedestrians walking in the roadways.[1] The City supplemented its initial disclosures to advise the KKK of the amendments and the KKK moved for dismissal on June 23, 2016. It is the KKK's position that the amendments address some of its concerns that the ordinance is underinclusive. The Court finds that the KKK has given a sufficient explanation for its desire to dismiss and was diligent in pursuing dismissal. *See Ascentive, LLC v. Opinion Corp.*, No. 10 CIV. 4433 ILG SMG, 2012 WL 1569573, at *6 (E.D.N.Y. May 3, 2012) (explanation that it was no longer in plaintiff's economic interests to proceed following denial of a preliminary injunction "perfectly reasonable" and month and a half delay in seeking dismissal not unreasonable).

There is no doubt that both the Court and the City have expended considerable resources advancing this case. Nevertheless, the case is still at a relatively early stage and was a year away from trial at the time the KKK moved for dismissal. Beyond the discovery conducted for the preliminary injunction hearing, it appears that the parties have engaged in limited discovery. The preliminary injunction proceedings in this case do not foreclose a dismissal without prejudice. *Oneida Nation of New York v. Paterson*, 279 F.R.D. 76 (N.D.N.Y. 2012) (granting dismissal

---

[1] Section 310.040 provides:

> No person upon roller skates or riding in or by means of any coaster, toy vehicle or similar device shall go upon any Roadway, except while crossing a street on a crosswalk and when so crossing such person shall be granted all the rights and shall be subject to all the duties applicable to pedestrians.

City of Desloge, Mo. Ord. § 310.040 (effective April 21, 2016). Section 345.080 provides:

> A. Where sidewalks are provided it shall be unlawful for any pedestrian to walk upon an adjacent Roadway.
>
> B. Where sidewalks are not provided, any pedestrian along or parallel to a Roadway shall when practicable walk only on the left side of the shoulder facing traffic which may approach from the opposite direction.

City of Desloge, Mo. Ord. § 345.080 (effective April 21, 2016).

without prejudice following reversal on appeal of grant of preliminary injunction); *Agjunction LLC v. Agrian Inc.*, No. 14-CV-2069-DDC-KGS, 2015 WL 416444 (D. Kan. Jan. 30, 2015) (granting dismissal without prejudice following denial of preliminary injunction where parties spent over $1 million each); *Ascentive, LLC v. Opinion Corp.*, No. 10 CIV. 4433 ILG SMG, 2012 WL 1569573 (E.D.N.Y. May 3, 2012) (granting dismissal without prejudice following denial of preliminary injunction involving legal expenses of approximately $200,000); *see also Kern v. TXO Prod. Corp.*, 738 F.2d 968 (8th Cir. 1984) (upholding dismissal without prejudice after plaintiff had presented four of five witnesses at trial); *Metropolitan Fed. Bank of Iowa, F.S.B. v. W.R. Grace & Co.*, 999 F.2d 1257 (8th Cir. 1993) (upholding dismissal without prejudice following summary judgment motions). In addition, while the parties filed cross motions for summary judgment, those motions were made before any additional discovery was conducted and primarily concerned the force of the Eighth Circuit's preliminary injunction opinion. *Cf. Metropolitan Fed. Bank of Iowa, F.S.B*, 999 F.2d at 1262 (existence of a pending motion for summary judgment is a factor to consider but not dispositive).

The City argues that a dismissal without prejudice is improper because it spent significant resources to obtain a favorable decision in the Eighth Circuit and would be prejudiced by the loss of preclusive effect. The Court disagrees. "An evaluation of the res judicata effects normally would not be part of the Rule 41(a)(2) analysis." *Doe v. Urohealth Sys., Inc.*, 216 F.3d 157, 161 (1st Cir. 2000). Any prejudice from the loss of preclusive effect in this case is minimal. The Eighth Circuit's decision was not a decision on the merits, *see* Doc. 100, and the City will retain the precedential effect of that decision. *See United States v. Metro. St. Louis Sewer Dist.*, No. 4:07-CV-1120 CEJ, 2012 WL 1466130, at *4 (E.D. Mo. Apr. 27, 2012) (noting lack of prejudice in part because defendant would retain benefit of Eighth Circuit ruling on interlocutory appeal

7

through *stare decisis*). In addition, the City remains free to assert issue preclusion in any refiled action. *Miller v. Norris*, 247 F.3d 736, 740 (8th Cir. 2001).

The Court finds that a dismissal without prejudice at this stage of the case would not constitute a waste of judicial resources and that any prejudice to the City can be cured with conditions. In view of the City's expenses, the Court will require that, if the KKK refiles this action, the KKK must pay the City's court costs, less any expenses for work that can be reused. *Sequa Corp. v. Cooper*, 245 F.3d 1036, 1037 (8th Cir. 2001); *Core v. Sw. Bell Tel. Co.*, 847 F.2d 497, 498 (8th Cir. 1988). The Court will further impose the condition that evidence admitted at the preliminary injunction hearing will be admissible to the same extent in any refiled action.

In addition, the KKK has agreed to several conditions that reduce the risk of prejudice to the City. To alleviate the City's concern regarding forum shopping, the KKK agreed that any refiled action will be filed in the United States District Court for the Eastern District of Missouri. It is the practice of this Court to refer substantially related cases to the same judge and the parties have provisionally agreed to consent to the undersigned's jurisdiction. The KKK also agreed that any amendments to the solicitation provisions of the ordinance to bring it in line with *Reed v. Town of Gilbert, Arizona*, 135 S. Ct. 2218, 192 L. Ed. 2d 236 (2015), will not trigger refiling. Finally, the KKK indicated it would be amenable to a time limit on the refiling of a facial challenge to the ordinance, since there is arguably no statute of limitations on such a claim. *Maldonado v. Harris*, 370 F.3d 945, 955-56 (9th Cir. 2004). In the interests of finality for the City, the Court will require that any facial challenge be refiled no later than December 19, 2017, six months from the date this case was set to proceed to trial. *See Gravely v. Wabash Nat. Corp.*, No. CIV. 09-5435 JBS-JS, 2010 WL 3502757, at *2 (D.N.J. Aug. 31, 2010) (imposing limited window for refiling to prevent plaintiffs from unduly extending the life of their personal injury

claims); *Brown v. Baeke*, 413 F.3d 1121, 1123 (10th Cir. 2005) (approving limited window for refiling of medical malpractice action where plaintiffs unexpectedly lost their main expert due to a conflict at the summary judgment stage).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Voluntarily Dismiss is **GRANTED**. [Doc. 110.]

**IT IS FURTHER ORDERED** that if Plaintiffs refile this action, Plaintiffs must pay Defendant's court costs, less any expenses for work that can be reused, and that evidence admitted at the preliminary injunction hearing will be admissible to the same extent in any refiled action.

**IT IS FURTHER ORDERED** that, by agreement of Plaintiffs, the Court will impose the following conditions: 1. Any refiled action will be filed in the United States District Court for the Eastern District of Missouri; 2. Any amendments to the solicitation provisions of the ordinance to bring it in line with *Reed v. Town of Gilbert, Arizona*, 135 S. Ct. 2218, 192 L. Ed. 2d 236 (2015), will not trigger refilling; and 3. Any facial challenge to the ordinance must be refiled no later than December 19, 2017, at which point this dismissal shall convert into a dismissal with prejudice with respect to a facial challenge.

**IT IS FINALLY ORDERED** that pursuant to Federal Rule of Civil Procedure 41(a)(2), this action is **DISMISSED without prejudice**.

Dated this 21st day of September, 2016.

    /s/ Nannette A. Baker
NANNETTE A. BAKER
UNITED STATES MAGISTRATE JUDGE